NOT FOR PUBLICATION                                                                CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WELLS FARGO BANK, N.A., | : |
| Plaintiff, | Civil Case No. 14-6322 (FSH) |
| v. | **OPINION & ORDER** |
| MICHAEL J. MCCAFFREY, HEATHER J. MCCAFFREY, ZACHARY BONO, and LOCAL 194-6 FEDERAL CREDIT UNION, | Date: January 9, 2015 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter coming before the Court upon Plaintiff Wells Fargo Bank, N.A.'s motion to remand, (Dkt. No. 7); and the Court having reviewed the submissions of the parties and considered the motion pursuant to Federal Rule of Civil Procedure 78; and

It appearing that the present matter was filed in the New Jersey Superior Court for Morris County October 7, 2014, (Dkt. No. 1-1); and

It appearing that Defendants Michael J. and Heather J. McCaffrey ("Removing Defendants") removed the matter to this Court on October 10, 2014, pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332, (Dkt. No. 1); and

It appearing that the parties agree that both Removing Defendants are citizens of the state of New Jersey, (Dkt. No. 1 ¶ 5; Dkt. No. 7-1, at 1); and

It appearing that defendants that are citizens of the state in which the action was brought may not remove to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1441(b)[1];

**ACCORDINGLY, IT IS** on this 9th day of January, 2015,

**ORDERED** that Plaintiff's motion to remand (Dkt. No. 7) is hereby **GRANTED**; and it is further

**ORDERED** that this case is hereby **REMANDED** to New Jersey Superior Court for Morris County; and it is further

**ORDERED** that the Clerk of the Court **CLOSE** this matter.

**IT IS SO ORDERED.**

 /s/ Hon. Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**

---

[1] Removing Defendants contend that the prohibition against defendant citizens of a forum state removing a case to federal court does not apply here because the federal removal statute prohibits only citizen defendants "properly joined and served" from removing such an action and they removed the action prior to service of the complaint. 28 U.S.C. § 1441(b)(2). Removing Defendants cite only non-precedential cases in support of this position. *See, e.g.*, *Thomson v. Novartis Pharms. Corp.*, Civ. No. 06-6280, 2007 WL 1521138 (D.N.J. May 22, 2007). This Court, however, agrees with the reasoning articulated by Judges Debevoise and Irenas in *Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640 (D.N.J. 2008), and *Williams v. Daiichi Sankyo, Inc.*, 13 F. Supp. 3d 426 (D.N.J. 2014), respectively, that such a literal reading of the statute would lead to "absurd [and] bizarre results" that are "plainly inconsistent with the drafters' intentions." *In re Kaiser Aluminum Corp.*, 456 F.3d 328, 338 (3d Cir. 2006); *United States v. Zats*, 298 F.3d 182, 187 (3d Cir. 2002).